**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ARRE DAVIS, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-3128-JOF |
| PRECISE COMMUNICATION | : | |
| SERVICES, INC., | : | |
| a Georgia Corporation, et al., | : | |
| | : | |
| Defendants. | : | |

## **OPINION AND ORDER**

The instant matter is before the court on Plaintiffs' Motion for Order Permitting Court Supervised Notice to Employees of their Opt-In Rights [12] and Motion for Default Judgment [26].

In December 2007 Arre Davis and Robert Ligon filed a complaint on behalf of themselves and other similarly situated "satellite technicians" alleging that Defendants Precise Communication Services, Inc. ("PCS"), and its principal, Erica Hinton, violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, by failing to pay PCS satellite technicians minimum wage for all hours worked and wages at a rate of time and a half for

hours worked over forty hours per week.[1] Defendants answered and counterclaimed against Plaintiff Davis for tortious interference with a business relationship and slander per se. In May 2008 Plaintiffs filed the instant unopposed motion for notice. Plaintiffs ask the court to certify a class of all Georgia "satellite technicians" who have worked for Defendants within the last three years and have not received payment for all hours or overtime worked.

Following Plaintiffs' request for notice, defense counsel withdrew. This court issued an order in November 2008 informing Defendant PCS that it could not proceed *pro se* under Local Rule 83.1. The court directed Defendant PCS to obtain counsel or risk default and directed Defendant Hinton to inform the court if she intended to proceed *pro se*. Neither defendant has complied with the court's order and is therefore in default. On January 7, 2009, Plaintiffs filed the instant Motion for Default Judgment.

Contrary to its styling, Plaintiffs' Motion for Default Judgment does not move for final judgment and damages. Rather, Plaintiffs request that the court grant their motion for opt-in notice and allow a forty-five day opt-in period. Plaintiffs contend that they will move for an actual judgment as to liability and specific damages once the number of plaintiffs is clear. As such, the only actual issue before the court is whether to allow Plaintiffs a conditional class certification and a forty-five day opt-in notice.

---

[1] Since Plaintiffs filed their complaint, three additional employees have opted-in [7, 11].

2

As an initial matter, the court notes the unusual procedural posture of this matter. However, the court finds that PCS's default does not fundamentally change the analysis the court must undertake in deciding whether to conditionally certify Plaintiffs' class. *See Sniffen v. Spectrum Indust. Servs.*, No. 2:06-CV622, 2007 WL 1341772 (S.D. Ohio Feb. 13, 2007) (addressing FLSA conditional certification and notice in conjunction with motion for default judgment); *c.f. Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912 (3d Cir. 1992) (finding that default did not preclude defendants from challenging class certification in Rule 23 context). By defaulting, PCS has foregone its right to challenge any of the well-pleaded factual allegations in Plaintiff's complaint. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1976). PCS has not conceded, however, that Plaintiffs have satisfied the legal standard for conditional class certification under the FLSA. *See McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.) (explaining that a court may only grant default judgment on those claims which are legally sufficient and supported by well-pleaded allegations); *c.f. Trull v. Plaza Assoc.*, No. 97 C 0704, 1998 WL 578173 (N.D. Ill. Sept. 3, 1998) (explaining that default cannot substitute for court's analysis of four legal requirements for class certification under Rule 23).

Further, the court must address the certification issue at this time, despite PCS's default, for issues of judicial economy. If the court were to grant the Plaintiffs' forthcoming motion for default judgment without resolving the issue of conditional certification, only the

3

named plaintiffs would be able to enforce it. Numerous potential plaintiffs would not receive any redress for their claims and would likely file separate suits resulting in an additional burden on the court. *See Partington v. American Intern. Specialty Lines Ins. Co.*, 443 F.3d 334 (4th Cir. 2006) (finding default judgment unenforceable by putative class without formal class certification).

Section 216(b) of the FLSA states that an employee may file suit on behalf of himself and on behalf of other employees "similarly situated." 29 U.S.C. § 216(b). Each employee who wishes to become a part of the named plaintiff's action must file a consent in writing with the court. *Id.* The Eleventh Circuit has endorsed a two-step process for district courts to employ in determining whether a given FLSA suit should be a collective action under section 216(b). *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). First, the court decides based only on pleadings and any affidavits whether to conditionally certify a class and give notice of the action to potential class members. *Id.* at 1219. Second, the court makes a factual determination, generally on a motion for decertification, based on the information gathered in discovery whether the class members are truly "similarly situated." *Id.*

The instant matter is before the court at the first, or notice, stage. The notice stage contemplates two inquiries: (1) Whether there are other employees who wish to opt-in to the action; and (2) whether those employees are "similarly situated" with respect to their job

4

requirements and pay provisions. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). "[P]laintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist[] in the broad class that they propose[]," and they must bring forth more than "unsupported assertions that FLSA violations [are] widespread." *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983). Although plaintiffs must show that the potential class members are "similarly situated," this inquiry contemplates a "fairly lenient standard" that is far less stringent than the inquiry at the decertification stage or that for joinder under Rule 20(a), for separate trials under Rule 42(b), or for class certification under Rule 23(b)(3). *Grayson v. K Mart Corp.*, 79 F.3d 1096, 1096 (11th Cir. 1996).

Here, Plaintiffs have presented the opt-in notices of three additional employees. This reasonably supports Plaintiffs' assertion that there are other aggrieved individuals. The admitted and well-pleaded allegations of Plaintiffs' complaint indicate that Defendants employ numerous satellite technicians in Georgia; that these satellite technicians all were paid at a piece rate for installing satellite systems for residential and business clients; and that Defendants regularly failed to compensate these satellite technicians proper straight time and overtime as required by the FLSA. Plaintiffs' affidavits indicate that all satellite technicians performed similar tasks, were interchangeable, often covered jobs for one

5

another, and suffered shortages and deductions in their paychecks. Plaintiffs' allegations meet the lenient standard for "similarly situated" necessary for notice.

As such the court GRANTS Plaintiffs' Motion for Order Permitting Court Supervised Notice to Employees of their Opt-In Rights [12]. Plaintiffs have an opt-in period of forty-five days beginning on the date of this order. The court approves the notice and opt-in consent attached to Plaintiffs' Motion [12-2 and 12-3]. The court DENIES Plaintiffs' Motion for Default Judgment [26] as moot with leave to re-file at the conclusion of the opt-in period.

**IT IS SO ORDERED** this 27th day of March 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)